# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0646V
UNPUBLISHED

| | |
|---|---|
| SHANNON ALFARO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 9, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Michael Adly Baseluos,* Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioner.

*Kyle Edward Pozza,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 27, 2020, Shannon Alfaro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered right shoulder injuries related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on or about October 4, 2017. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, she suffered residual effects of her injury for more than six months, and she has never received compensation in the form of an award or settlement for her vaccine-related injuries, nor has she filed a civil action for her injuries prior to this petition. Petition at 1-5; Ex. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 21, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 9, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $145,247.90. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $145,247.90 (comprised of $140,000.00 for pain and suffering and $5,247.90 for past and future unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

          **s/Brian H. Corcoran**
          Brian H. Corcoran
          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| SHANNON ALFARO,  )  )  Petitioner,  )  )  v.  )  )  SECRETARY OF HEALTH AND  )  HUMAN SERVICES,  )  )  Respondent.  ) | No. 20-646V (ECF)  Chief Special Master Brian H. Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 20, 2022, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 40. On January 21, 2022, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") and related sequela. ECF No. 41.

**I.   Amount of Compensation**

   A. <u>Pain and Suffering</u>

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded **$140,000.00** for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   B. <u>Past and Future Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past and will reasonably incur future unreimbursable expenses related to her vaccine-related injury. Respondent proffers

that petitioner should be awarded past and future unreimbursable expenses in the amount of **$5,247.90**. *See* 42 U.S.C. §§ 300aa-15(a)(1)(A),(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following: [1]

- A. A lump sum of **$145,247.90,** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

/s/ Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-3661
E-mail: Kyle.Pozza@usdoj.gov

Dated: August 9, 2022